J. The question whether an instrument, allowing it to be genuine, be a deed must be determined from its face by an inspection of what it imports to be, not from evidence dehors the instrument. So whether it be the bond of A or the bond of B must be decided in like manner. No change of character can be given to it by extrinsic evidence. If this instrument be genuine it is the deed of him whose seal it bears, and as seals at present bear no distinguishing mark it is the seal of him whose it purports to be. If it is not his it is not the seal of another, for that would be to change its character by evidence of a collateral fact. If, therefore, it is not the seal of Robert R. Johnson it is the seal of no one; for it purports to be his seal, and not that of another. If he who affixed the seal of Robert R. Johnson to the paper had no authority to do so the person who has been injured by that act may or may not have a remedy against the party thus affixing *Page 65 
it, according to the circumstances attending the transaction. If he who sealed the bond falsely and fraudulently alleged that he had a power to do so I think that he would be responsible for the fraud. But if in fact he pretended to nothing more than a bare verbal authority, and this was understood by the plaintiffs, they have not been defrauded. It was a mere misconception of the powers flowing from a verbal authority, in which misconception they all participated. I cannot assent to the proposition, supported by some very high modern authorities, (106) that if this is not the deed of the principal, for want of power in the agent to seal for him, it is therefore the deed of the agent; although I can well assent to the proposition that in all parol contracts if the principal be not bound by the agreement the agent is. I mean lawful agreements; for when the consideration, which is necessary to support all parol contracts, passes from the party to the agent, if from any cause it cannot be carried to the principal so as to bind him, it must of necessity rest with the agent; and with whomsoever the consideration rests from him a promise arises. If in truth a person represents himself to be the agent of another, whether under a mistake or with a design to deceive, and he is not, so that the consideration never gets to the principal to bind him, then it rests with the agent, and he is bound. If in truth he was not the agent, but the principal knowingly receives the consideration, he thereby ratifies the contract, takes the liability upon himself, and discharges the agent. But this is only in cases where the creditor treats with the agent as agent;
for if the agent treats with the creditor without disclosing his character of agent, he is personally bound, whatever he may do with the consideration. But the creditor may, if he will, even in such case, treat the contract as one made by the agent as agent, and follow his consideration to the hands of the principal — to him who receives benefit from it. It is in this way I understand what is to be found in the English books upon this subject — that if the principal be not bound, the agent is — that if the agent does not disclose his character he is personally bound — that if his power be defective to bind his principal the agent is bound. I say this with great deference to the decisions of some of our sister States, who have extended the principal so far as to make a deed executed by procuration the deed of the agent if from defect in the power it be not the deed of the principal. I assent to the proposition that if a parol contract be made by an agent be not the contract (107) of the principal, from a defect in the powers of the agent, it becomes the contract of the agent for the reasons above given. I have examined every English authority which is referred to in support of the *Page 66 
above-mentioned cases. I think that they do not support the position for which they were cited.
PER CURIAM. New Trial.
Cited: Hite v. Goodman, 21 N.C. 365; Sellers v. Streator, 50 N.C. 262;Brown v. Bostian, 51 N.C. 3; Fisher v. Pender, 52 N.C. 486; Brysonv. Lucas, 84 N.C. 683; Burwell v. Linthicum, 100 N.C. 148; Russell v.Koonce, 104 N.C. 241; LeRoy v. Jacobosky, 136 N.C. 448.